**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CASE NO.**

CANDICE KAISER,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Candice Kaiser brings this action against Defendant Navient Solutions, LLC to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and states:

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA"), stemming from Defendant's use of prerecorded or artificial messages to contact individuals, even after having been directed by those individuals to stop calling.

2. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

### JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

1

4. The Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Colorado. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in part within this District and, on information and belief, Defendant committed the same wrongful acts to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Weld County, Colorado.

7. Defendant is a publicly traded US corporation based in Wilmington, Delaware. Defendant directs, markets, and provides its business activities throughout the state of Illinois.

## THE TCPA

8. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

9. Further, the TCPA prohibits initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

10. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13. Consent under the TCPA can be revoked. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014) (holding that prior consent under 47 U.S.C. § 227(b)(1)(A)(iii) may be revoked orally; noting "that allowing consent to be revoked orally is consistent with the 'government interest articulated in the legislative history of the Act [that] enabl[es] the recipient to contact the caller to stop future calls.'"); In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection 30 FCC Rcd. 7961, 7996 ¶¶47, 64 ("[A] called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur. Moreover, we emphasize that regardless of the means by which a caller obtains consent, under longstanding Commission precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent. . . . Consumers have a right to revoke consent, using any reasonable method including orally or in writing.").

## FACTS

14. Commencing on or about August 2019, Defendant began placing prerecorded voice calls to Plaintiff's cellular telephone.

3

15. The calls were about consolidation of a debt. However, Plaintiff does not have an outstanding debt or account being serviced by Defendant.

16. Since August 2019, Defendant placed approximately two (2) prerecorded voice calls to Plaintiff's cellular telephone per week.

17. Plaintiff not only never gave any type of consent or permission to Defendant for these calls, on or about December 23, 2019, she asked Defendant to stop calling her in response to text messages sent by Defendant by replying "Stop". Defendant ignored Plaintiff's request and continued texting and calling her with prerecorded messages.

18. At the time Plaintiff received these calls and messages she was the sole user of the cellular telephone that received the calls.

19. Plaintiff received the subject prerecorded messages within this District and, therefore, Defendants' violations of the TCPA occurred within this District.

20. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district who did not provide consent and/or requested for Defendant to stop calling.

21. Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

23. Plaintiff brings this case on behalf of the Class defined as follows:

4

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a prerecorded message, from Defendant or anyone on Defendant's behalf, to said person's telephone number, without emergency purpose and without the recipient's express consent**.

Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

24. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

25. Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

27. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular or residential telephones using prerecorded messages;

   b) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

28. The common questions in this case are capable of having common answers.

## TYPICALITY

29. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

30. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

31. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

32. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

33. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

34. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

35. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

36. Defendant transmitted calls using an artificial or prerecorded voice to the cellular or residential telephone numbers of Plaintiff and members of the putative class.

37. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made because any consent was explicitly revoked.

38. Defendant has, therefore, violated § 227(b)(1) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the residential phones and cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

39. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

40. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

41. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## COUNT II
### Violations of 47 C.F.R. § 64.1200
**(On Behalf of Plaintiff and the No Consent Class)**

42. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-32 as if fully set forth herein.

43. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using [] an artificial or prerecorded voice…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

44. Defendant transmitted calls using an artificial or prerecorded voice to the cellular or residential telephone numbers of Plaintiff and members of the putative class.

45. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made because any consent was explicitly revoked.

46. Defendant has, therefore, 47 C.F.R. § 64.1200(a)(1)(3) by using an artificial or prerecorded voice to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

47. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

48. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

49. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, *et seq.*, Plaintiff seeks for themselves and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, *et seq.*, Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class; and

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: February 15, 2021

Respectfully submitted,

**IJH Law**

*/s/ Ignacio Hiraldo*
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

**HIRALDO P.A.**

Manuel S. Hiraldo, Esq.
Florida Bar No. 30380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713